# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**STEVEN R. DEWITT,**

    **Plaintiff,**

**vs.**                                                 **Case No. 4:22cv185-MW-MAF**

**CARESSA HANEY,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this case on May 12, 2022, by submitting a civil rights complaint, ECF No. 1, and a motion requesting leave to proceed with in forma pauperis status, ECF No. 2. Plaintiff's in forma pauperis motion was granted and, because he is not a prisoner, Plaintiff was not required to pay the filing fee for this case in monthly installments. ECF No. 4.

Plaintiff's complaint, ECF No. 1, was then reviewed. Plaintiff's complaint is brought against one Defendant - Caressa Haney, the supervisor of the Intervention & Detention Alternatives Office. ECF No. 1 at 3. Plaintiff contends that on July 21, 2021, Defendant Haney directed

him to leave the premises and informed him that he could not record in the building without permission. ECF No. 1 at 4-5. When Plaintiff refused, Defendant Haney called the police. Plaintiff contends that she violated his First Amendment rights and he seeks declaratory relief, injunctive relief, and monetary damages. *Id.* at 7.

Judicial notice was taken that Plaintiff had already filed a case in this Court against this same Defendant based on the events of July 21, 2021. *See* case 4:21cv340-AW-MAF.[1] That case is still pending and active. Although a Report and Recommendation has been entered which recommends dismissing Plaintiff's claim against Defendant Haney because there were no facts alleged to support an official capacity claim, ECF No. 32 at 16-20 of that case, no action has yet been taken on the recommendation.

Thus, an Order was entered in this case which advised Plaintiff that he could not "simultaneously pursue two cases against the same defendant based on the same event." ECF No. 4. He was also advised that filing two cases against the same Defendant at the same time "borders on

---

[1] That case is based on events which occurred on the same day, but Plaintiff brought a claim against four Defendants in that case: Caressa Haney, Trent Sexton, Melanie Pretti, and a Jane Doe Defendant. *See* ECF No. 10, case 4:21cv340-AW-MAF.

harassment and insinuates that Plaintiff is 'judge shopping.'" *Id.* Plaintiff was required to show good cause why this case should not be dismissed as redundant. *Id.*

Plaintiff has now filed a response to that Order, contending that he mistakenly believed that his first action against Defendant Haney was "over" and the motion to dismiss was granted. ECF No. 5 at 1. He also states that he was unaware that he could have sued Defendant Haney in both her individual and official capacities, and filed this separate action instead of filing a motion requesting leave to amend his complaint in the first filed case. *Id.* Plaintiff also contends that because the Report and Recommendation did not recommend dismissal "with prejudice," Rule 41(a) permits him to "correct any previous errors or defects" of the first dismissed case and bring a second case without it being considered harassment. *Id.* at 2.

Plaintiff admits that the prior case and this case present "the exact same" facts against Defendant Haney, but he says that he "inadvertently failed to sue Defendant Haney in her individual capacity." *Id.* He says that he has corrected that error in this new case and argues that it "should not [be] dismissed by the Court as duplicative of" the first filed case. *Id.* at 3.

Case No. 4:22cv185-MW-MAF

A litigant can proceed with one case at a time against a Defendant based on the same facts and claims.  Plaintiff acknowledges that these claims and facts are the same.  He appears to erroneously believe that the first case has been dismissed based on the Report and Recommendation.  However, the Report and Recommendation is pending and has not been ruled on by the presiding District Judge.  Thus, the claim against Defendant Haney is currently still pending.  Plaintiff should be aware that the claim is not dismissed until an order is entered by the District Judge adopting the recommendation made.  A Report and Recommendation includes specific language which advises a litigant that he has "fourteen (14) days after being served with a copy of this Report and Recommendation" in which to "serve and file specific written objections to these proposed findings and recommendations."  *See* ECF No. 32 of case # 4:21cv340.

"Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided." UtahAmerican Energy, Inc. v. Dep't of Lab., 685 F.3d 1118, 1124 (D.C. Cir. 2012).  Plaintiff cannot simultaneously pursue both cases without having one of them dismissed.

Case No. 4:22cv185-MW-MAF

In the first case, the Report and Recommendation, ECF No. 32, was entered on May 9, 2022. On May 13, 2022, the day after Plaintiff initiated this case, Plaintiff filed a motion to amend his complaint, ECF No. 33, specifying that he wanted to add individual capacity claims against Defendants Sexton and Pretti, but he did not seek to do so against Defendant Haney. Plaintiff simultaneously submitted a proposed amended complaint which continues to include First Amendment claims against Defendant Haney, sued in her official capacity only. ECF No. 35 at 3. He has sued Defendants Sexton and Pretti in both their individual and official capacities in the proposed pleading. *Id.* at 3-4. Plaintiff's motion to amend is still pending, along with the Report and Recommendation. Notably, no objections have yet been filed to the Report and Recommendation.[2]

Even though a ruling has not been made in that case, the current situation is this - Plaintiff filed a case in the summer of 2021 against Defendant Haney; that case is still pending. Plaintiff cannot file a new

---

[2] Judicial notice is taken that Plaintiff has filed numerous cases in this Court. In case number 4:18cv281-MW-CAS, Plaintiff filed a "memorandum of written objections" to a Report and Recommendation, demonstrating that he does know how to properly object to a recommendation. ECF No. 62 of that case. Plaintiff also filed a § 2254 habeas petition in this Court, and filed written objections to the Report and Recommendation. ECF No. 49 of case # 4:15cv433-MW-CAS. Plaintiff is not unfamiliar with the litigation process.

action against that Defendant based on the same events while that case is still pending.  To do so is to bring a malicious action against the Defendant.  Daker v. Bryson, 841 F. App'x 115, 121 (11th Cir. 2020) (affirming the dismissal of claims as "malicious under § 1915(e)(2)(B)" because they "were duplicative" of claims brought in an earlier still pending case, noting that the second case was aimed "to circumvent court orders" from the first case).  This case should be dismissed as duplicative.  If Plaintiff disagrees with this recommendation, he must timely file objections.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** because it is duplicative to a pending case in this Court against the same Defendant, based on the same set of facts.

**IN CHAMBERS** at Tallahassee, Florida, on May 26, 2022.

     S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**